UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

In Re: HOWARD DENNIS KELLY,   )   Misc. No.  07-81-B- K

**Order on Miscellaneous Filings**

Howard Kelly filed numerous documents with the clerk's office on June 25, 2007, including copies of orders and pleadings from other cases in this court and from a case involving him in the Western District of New York.  Kelly's two prior cases in this court are <u>United States v. Howard Kelly</u>, 2:06-mj-23, a criminal complaint charging identity bank fraud, wherein Kelly was represented by Eric A. Vos, federal defender and a civil case, <u>Kelly v. United States Marshal's Service, et al</u>, 2:07-cv-55, DBH, wherein Kelly brought suit against two federal agencies and the Cumberland County Jail.  His claims against the federal agencies were dismissed for failure to state a claim and his claim against the Cumberland County Jail was in order for service on the defendant.  However, Kelly gave this court timely notification that he did not wish to incur the statutorily mandated filing fee expense and wished to dismiss his case.  We honored his request, never notified the prison of the requirement of reimbursement, and his case was closed on May 7, 2007.

Kelly's current flurry of pleadings appears to be an attempt to resurrect that civil case filed in combination with a complaint about the denial of his right to a speedy trial under a criminal complaint.  Once again Kelly's "complaint" is accompanied by neither the required filing fee nor an application to proceed <u>in forma pauperis</u>.  There is no reason for this court to open a new civil case that is simply a rehash of what has already happened in 07-cv-55.  Nor does this court have any reason to take any action in 6-mj-23, a case handled by Magistrate

Judge Cohen, who has previously stricken Kelly's pro se filings, because Kelly has counsel representing him on the criminal charges in Maine. As for Kelly's criminal matter in the Western District of New York, this court is not the proper forum to obtain "speedy trial" relief.

At the conclusion of 07-cv-55 the only possible claim surviving was the prison condition suit brought against the "Cumberland County Jail Medical Department Staff." If Kelly is trying to bring a new lawsuit directed at some Cumberland County entity he will have to do so in a more cogent fashion, accompanied by a filing fee or application to proceed in forma pauperis, in order for this court to proceed to open a "new" case, and he will have to do so accepting the fact that if funds become available in his current prison account they will be applied toward reimbursement of the filing fee in accordance with the statutory requirement. In the meantime, Kelly's repeated re-filings of documents on record in other cases and continuing attempt to reinstitute cases that have been dismissed on the merits has become nothing but vexatious and harassing to this court and its staff. I now put Kelly on notice that filing restrictions "may be in the offing" in this District, thus providing him with the cautionary order ala Cok v. Family Court of R.I., 985 F.2d 32, 35 (1st Cir. 1993); see also Martin v. Dist. D.C. Ct. Appeals, 501 U.S. 1 (1992); Deep v. Boies, __ F. Supp 2d __, 2006 WL 4595094 (D. Me. June 26, 2006). Kelly is hereby notified that "[g]roundless and inappropriate filings will not be tolerated." Deep, 2006 WL 4595094 at *1.

Kelly's current array of miscellaneous filings requires no further action at this time and this matter is closed.

*SO ORDERED*

June 28, 2007                                    /s/ Margaret J. Kravchuk
                                                 U.S. Magistrate Judge